UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MOISES COLON,                          :

                    Petitioner,           :

      -against-                    :

THOMAS LAVALLEY,                       :

               Respondent.        :

------------------------------------------------------------x

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: ___11/09/12___ |

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
<u>DEBORAH A. BATTS</u>**[*]

11 Civ. 3234 (DAB) (FM)

**FRANK MAAS,** United States Magistrate Judge.

        <u>Pro se</u> petitioner Moises Colon ("Colon") brings this habeas proceeding, pursuant to 28 U.S.C. § 2254, to challenge the maximum expiration date of a sentence imposed on him in 2008, following his conviction in Supreme Court, New York County, after a jury trial, on three counts of Weapon Possession in the Second Degree, and one count each of Attempted Drug Possession in the First Degree, Conspiracy in the Second Degree, Attempted Grand Larceny in the Third Degree, and Criminal Impersonation in the First Degree.  On February 29, 2008, after a remand by the Appellate Division, First Department, Justice Bonnie G. Wittner, before whom the case was tried, sentenced Colon as a second violent felony offender, to an aggregate term of twenty years' imprisonment, to be followed by five years' post-release supervision.

---

      [*]     This Report and Recommendation was prepared with the assistance of Jacqueline Dombroff, a third-year student at Brooklyn Law School.

In his habeas petition, as amended, (ECF No. 8 ("Amended Petition" or "Am. Pet.")), Colon argues that he was deprived of due process and placed in double jeopardy, in violation of his Fifth and Fourteenth Amendment rights, when the New York State Department of Correctional Services ("DOCS")[1] rectified a calculation error, which allegedly had the effect of extending his maximum sentence expiration date by more than three years. DOCS' original calculation was based on the mistaken premise that the sentence imposed by Justice Wittner was to run concurrently with the unexpired portion of a sentence imposed on Colon in 2002.

For the reasons set forth below, the Petition should be denied. Additionally, pursuant to 28 U.S.C. § 2253(c)(2), Colon should be denied a certificate of appealability because he has failed to make the necessary substantial showing of the denial of a constitutional right.

II.     Background

    A.     2002 Sentence

    On January 12, 2000, a New York City police officer observed Colon attempt to gain access to a subway station in the Bronx using an unauthorized employee MetroCard. (See Decl. of Ass't Att'y Gen. Priscilla Steward, dated August 4, 2011 (ECF No. 11) ("Resp't's Decl."), Ex. F ("Art. 78 Pet.") at 17 (Violation of Release Report)).

---

[1]     In 2011, New York State merged the Department of Correctional Services and the Division of Parole to form the Department of Corrections and Community Supervision. See N.Y. Correct. Law § 5 (effective Mar. 31, 2011). Since all of the critical events occurred before the merger, I will refer to this agency as "DOCS."

Colon was arrested and charged with Forgery, two counts of Criminal Possession of a Forged Instrument, and Theft of Services.  See People v. Colon, 760 N.Y.S.2d 848 (1st Dep't 2003).  On January 30, 2002, after a jury had returned a guilty verdict on these charges, Justice Alexander Hunter of Supreme Court, Bronx County, sentenced Colon, as a second felony offender, to an aggregate prison term of four to eight years.  I will refer to this sentence as the "2002 Sentence."

On appeal, the First Department dismissed one of the Criminal Possession of a Forged Instrument counts, relating to a Social Security card found on Colon's person after his arrest, because he also had been "convicted of forgery based on the same instrument."  Id. at 849.  Colon's sentence on the remaining charges remained undisturbed. Id.  Against this sentence, DOCS credited Colon with 826 days of jail time for the custodial period between his arrest and his arrival at the Downstate Reception Center. (See Resp't's Decl. Ex. A ("2002 Sentence & Commitment") at 2).

B.    Parole and Rearrest

On January 16, 2004, DOCS released Colon on parole.  (See Resp't's Decl. Ex. B ("Sentencing Review Letter") at 1).  Within a matter of months, Colon violated his parole conditions and was rearrested.

The events leading to that arrest began on March 10, 2004, when Colon's friend, Anthony Reyes ("Reyes"), approached Fernando Michel ("Michel") to explore undertaking a drug-related robbery.  (See Resp't's Br. on Appeal at *1, available at 2007 WL 5827215).  Unbeknownst to Reyes, Michel was a police informant.  (Id. at *2).

3

Acting at the direction of the police, Michel told Reyes about "a fictitious apartment that allegedly contained a large quantity of drugs." (Id. at *6). Reyes responded that his "brother," i.e., Colon, could provide such supplies as fake badges, police shields, and bullet proof vests to facilitate their impersonation of police officers to obtain the drugs. (Id.).

On April 1, 2004, Reyes and an accomplice met with Colon, who had assembled the supplies for the robbery, which included handguns and assorted NYPD paraphernalia. (Id. at *11, *13). As the group drove to the target apartment, Michel telephoned Reyes to say they needed to abandon their plan because of police surveillance, but could travel instead to a nearby pier where they would find a minivan containing drugs. (Id. at *11-12). Shortly after the group arrived in the vicinity of the minivan, the police arrested Colon and his accomplices. (Id. at *12). At the time, Colon was wearing a police shield around his neck and was carrying handcuffs, a handcuff key, and black gloves. (Id.) Colon confessed to the police that he had intended to sell the drugs and split the profits with his accomplices. (Id. at *13).

C.  Sentencing

On September 12, 2005, following Colon's conviction at a jury trial, Justice Wittner sentenced him, as a persistent violent felony offender, to the following concurrent prison terms: (1) on one count of Attempted Criminal Possession of a Controlled Substance in the First Degree, twenty years to be followed by five years of post-release supervision; (2) on three counts of Criminal Possession of a Weapon in the Second

Degree, eighteen years to life per count; (3) on three counts of Criminal Possession of a

Weapon in the Third Degree, fifteen years to life per count; (4) on one count of

Conspiracy in the Second Degree, twelve and one-half to twenty-five years; and (5) on one

count of Criminal Impersonation in the First Degree, two to four years.  (See Resp't's

Decl. Ex. C at 1-3).

      D.    <u>Appeal and Resentencing</u>

      On November 27, 2007, the First Department vacated Colon's conviction on

the Criminal Possession of a Weapon in the Third Degree counts, because the charges of

weapons possession in the second and third degrees arose out of the "same possessions of

identical weapons." <u>People v. Colon</u>, 845 N.Y.S.2d 731, 732 (1st Dep't 2007).  The court

further vacated Colon's sentences on the Criminal Possession of a Weapon in the Second

Degree counts because the People conceded that the predicate convictions justifying

Colon's adjudication as a persistent violent felony offender had occurred

contemporaneously, rather than sequentially, as required by Section 70.08 of the New

York Penal Law ("PL").  <u>Id.</u>  Finally, the court remanded the case for resentencing on the

second degree weapons possession counts.  <u>Id.</u> at 731.

      On February 29, 2008, Justice Wittner resentenced Colon as a second violent

felony offender.  (See Resp't's Decl. Ex. D at 1).  On each of the three counts of Criminal

Possession of a Weapon in the Second Degree, Justice Wittner imposed a concurrent

prison term of twelve years, to be followed by five years of post-release supervision.  (<u>Id.</u>).

The Sentence and Commitment Order stated that these sentences were to be served

concurrently with each other and "with previously imposed sentences," evidently referring

to the sentences imposed in 2005 that had remained undisturbed. (Id.) (block

capitalization omitted). I will refer to the 2005 sentences as modified in 2008,

collectively, as the "2008 Sentence."

　　　　During the resentencing proceeding, Justice Wittner did not expressly

indicate that the 2008 Sentence was to be served after the undischarged portion of the

2002 Sentence, which had originally been scheduled to expire on March 10, 2009. (Id.).

It appears that, for this reason, DOCS calculated the maximum expiration date of Colon's

2008 Sentence as March 27, 2029. (See Resp't's Decl. Ex. E at 1).

　　　E.　　Challenge to DOCS' Calculation of Maximum Term

　　　　In a letter to Inmate Records Coordinator Deborah L. Jarvis, dated January

26, 2009, Colon argued that DOCS had calculated his 2008 prison term incorrectly

because it had treated the time served portion of his 2002 and 2008 Sentences as running

consecutively, while treating the time owed portions of those sentences as running

concurrently. (See Art. 78 Pet. Ex. F). Colon maintained that DOCS therefore had to

revise its calculations so that both the time owed and time served portions of his 2002

Sentence would run concurrently with his 2008 Sentence. (See id.). As Colon explained,

once this correction was made, he would be entitled to receive credit against both his

sentences for the four years he had spent in prison following his 2002 Sentence. (See id.).

　　　　By letter dated February 10, 2009, DOCS advised Colon that its "time

computation [was] correct based on the information [DOCS had] available," and that he

should contact the Office of Sentencing Review if he disagreed.  (See id. at 12).[2]  On

February 23, 2009, Colon wrote a letter to that Office, in which he essentially reiterated

his prior argument.  (See id. at 10).  Colon further asserted that Section 430.10 of the New

York Criminal Procedure Law ("CPL") prohibited DOCS from treating both the time

served and time owed portions of his 2002 Sentence as anything other than concurrent to

his 2008 Sentence because the time he had to serve under the 2002 Sentence was about to

expire.  (See id. at 10).  CPL § 430.10 provides that, "[e]xcept as otherwise specifically

authorized by law, when the court has imposed a sentence of imprisonment and such

sentence is in accordance with law, such sentence may not be changed, suspended or

interrupted once the term or period of the sentence has been commenced."  CPL § 430.10.

        After the Office of Sentencing Review failed to respond to the letter within

thirty days, (Article 78 Pet. Ex. F ¶ 17), Colon filed an Article 78 petition, in Supreme

Court, Albany County, on May 27, 2009.  In that petition, in addition to repeating the

arguments that he previously had presented to the Office of Sentencing Review, Colon

noted that the initial expiration date of his 2002 Sentence – which was March 10, 2009 –

had passed.  (Id. ¶ 25).  Colon contended that CPL § 430.10 therefore precluded DOCS

from adding an expired sentence to his 2008 Sentence.  (Id.).  Colon sought corrective

relief in the form of a credit against the 2008 Sentence for the time served portion of his

2002 Sentence.  (Id. at 5).

---

        [2]       Although the DOCS letter refers to the "Office of Sentence and Review," (id.), it
appears that the correct name is "Office of Sentencing Review."  (See Sentencing Review Letter
at 4).

7

Soon thereafter, the Office of the New York State Attorney General requested that the Office of Sentencing Review look into the matter. (See id. at 1). On July 28, 2009, DOCS conceded that it had made a computational error. (See id. at 3). The correction of this error, however, did not lead to the result that Colon desired. Instead, in its letter, the Office of Sentencing Review noted that PL § 70.25(2-a) required that Colon's 2002 Sentence and 2008 Sentence be served consecutively. (See id.). As a result, DOCS both denied Colon's requested credit against the 2008 Sentence and changed the maximum expiration date for that sentence from March 27, 2029, to September 25, 2032. (See id.). In his Article 78 petition reply papers, dated August 20, 2009, Colon argued that CPL § 430.10 and the doctrine of equitable estoppel prohibited DOCS from correcting its error after the March 10, 2009, original expiration date for the 2002 Sentence. (See Resp't's Decl. Ex. I at 1-3).

By Decision and Order dated September 30, 2009, Justice Christopher E. Cahill of Supreme Court, Albany County, denied Colon's claims. (See id. Ex. J). Colon appealed to the Appellate Division, Third Department, arguing that DOCS' proposed recalculation of the maximum expiration date of his 2002 Sentence violated his due process rights, the doctrine of equitable estoppel, and his expectation of finality based on CPL § 430.10. (See id. Exs. K at 11, M at 4-6).

On May 12, 2010, the Appellate Division affirmed Justice Cahill's dismissal of the Article 78 petition. Colon v. Fischer, 903 N.Y.S.2d 800 (3d Dep't 2010). In its decision, the court first noted that there was no dispute that Colon's 2008 Sentence was

subject to the consecutive sentencing provisions of PL § 70.25(2-a).  Id. at 802.  Thus,

even though neither the 2005 Sentence and Commitment Order nor the 2008 Sentence and

Commitment Order had "specified the manner in which those sentences were to run

relative to [Colon's] prior undischarged prison term," Justice Wittner was "deemed to

have imposed the consecutive sentence[s] required by law."  Id. at 801-02 (citing People

ex. rel. Gill v. Greene 12 N.Y.3d 1, 4 (2009)).  The court further held that DOCS was not

estopped from rectifying its mistaken calculation because it had a "continuing,

nondiscretionary, ministerial duty" to "correct known errors."  Id. at 802 (citing Patterson

v. Goord, 750 N.Y.S.2d 362, 363 (3d Dep't 2002)).

On July 14, 2010, Colon sought leave to appeal to the Court of Appeals, (see

Ex. D), which application was denied on October 14, 2010.  Colon v. Fischer, 15 N.Y.3d

710 (2010).

F.  Habeas Petition

Colon's original petition, dated March 30, 2011, was timely received by the

Pro Se Office of this Court on May 4, 2011.  (See ECF Nos. 1, 2).  On June, 22, 2011,

Colon filed an Amended Petition, in which he concedes that PL § 70.25(2-a) and Gill

require that his sentences run consecutively.  (See Am. Pet. ¶ 20).  Colon nevertheless

maintains that his expectation of finality arising out of the expiration of his 2002 Sentence

(and thus his constitutional right not to be placed in double jeopardy) precluded DOCS

from altering its initial computation of his maximum term.  (See id. ¶ 27).  By order dated

June 15, 2011, Your Honor referred the case to me for a Report & Recommendation.

(ECF No. 6).

III.   Discussion

    A.   Standard of Review

       A habeas corpus petition is not a vehicle to relitigate every issue previously

determined in state court.  Herrera v. Collins, 506 U.S. 390, 401 (1993).  Rather, a state

prisoner seeking habeas relief must show that he is "in custody in violation of the

Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petitioner

bears the burden of proving, by a preponderance of the evidence, that his rights have been

violated.  Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997).

       Section 2254, as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), provides, in part, that:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim —
>
>     (1)   resulted in a decision that was contrary to, or
>            involved an unreasonable application of, clearly
>            established Federal law, as determined by the
>            Supreme Court of the United States.

28 U.S.C. § 2254(d) (emphasis added).

As the Second Circuit noted in <u>Jones v. Stinson</u>, the Supreme Court has "construed the amended statute so as to give independent meaning to 'contrary [to]' and 'unreasonable.'" 229 F.3d 112, 119 (2d Cir. 2000). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, a federal habeas court should "ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id.</u> at 409. This standard does not require that reasonable jurists would all agree that the state court was wrong. <u>Id.</u> at 409-10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" <u>Stinson</u>, 229 F.3d at 119 (quoting <u>Francis S. v. Stone</u>, 221 F.3d 100, 109 (2d Cir. 2000)).

Additionally, to the extent that a habeas petition challenges factual findings, Section 2254(e)(1) provides that "a determination of a factual issue by a State court shall be presumed to be correct" and "[t]he [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

"If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." <u>Williams</u>, 529 U.S. at 389. It also bears mention that when a petitioner is proceeding <u>pro se</u>, as Colon is here, the Court

11

is obligated to read his petition and supporting papers "liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994); see also Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983) (courts should review pro se habeas petitions "with a lenient eye").

B.   Exhaustion and Timeliness

The Respondent concedes that Colon filed his original petition in a timely manner and that he has fully exhausted his claims in state court. (See Resp't's Decl. at 8-10).

C.   Merits

1.   Applicable Law

Colon characterizes his claims as arising under the Due Process and Double Jeopardy clauses of the Constitution. Inasmuch as his claim depends on the legitimacy of his expectation of finality, double jeopardy appears to provide the more appropriate framework for analysis.

The Double Jeopardy Clause provides that no person shall "be subject for the same offen[s]e to be twice put in jeopardy of life or limb." U.S. Const. amend. V. In Benton v. Maryland, 395 U.S. 784, 787 (1969), the Supreme Court held that the clause can be enforced against the states through the Fourteenth Amendment.

"Because the Double Jeopardy Clause protects the finality of criminal judgments, it prohibits alterations to sentences carrying a legitimate expectation of finality." United States v. Kyles, 601 F.3d 78, 83-84 (2d Cir. 2010) (internal citations

12

omitted). "If, however, there is some circumstance which undermines the legitimacy of that expectation," double jeopardy does not bar modification of the sentence. Id. at 84 (internal parentheses and quotation marks omitted). Courts have found that certain circumstances undercut a defendant's expectation of finality in his sentence. For example, a defendant cannot have an expectation of finality in an illegal sentence. See Williams v. Travis, 143 F.3d 98, 99 (2d Cir. 1998). Similarly, a defendant can rarely claim that an unauthorized administrative change to his sentence led him to develop an expectation of finality. See Earley v. Murray, 451 F.3d 71, 75-76 (2d Cir. 2006), superceded by N.Y. Correct. Law § 601-d (effective June 30, 2008). A defendant's knowledge of an error in sentencing would further erode any expectation of finality. See People v. Hudson, 888 N.Y.S.2d 361, 365 (Sup. Ct. N.Y. County 2009). A relatively short duration between sentencing and the subsequent modification to a sentence also weighs against a defendant's ability to claim a legitimate expectation of finality. See Williams, 143 F.3d at 98-99 (quoting United States v. Rico, 902 F.2d 1065, 1068 (2d Cir. 1990) ("So long as a sentence can be increased on appeal, defendant has no expectation of its finality.")). Finally, a lack of change in a defendant's circumstances between the time of sentencing and of modification weighs against an expectation of finality. See DeWitt v. Ventetuolo, 6 F.3d 32, 35-36 (1st Cir. 1993).

In this case, Colon contends that DOCS upset his reasonable expectation of finality in the alleged expiration of his 2002 Sentence. In the alternative, he contends that

DOCS' untimely correction of its error frustrated his expectations of finality regarding the maximum expiration date of his 2008 Sentence.  Neither claim withstands scrutiny.

### 2.    Finality of 2002 Sentence Expiration Date

Colon first asserts that DOCS placed him in double jeopardy by adding the time owed portion of his 2002 Sentence to the term he must serve under the 2008 Sentence.  More specifically, Colon maintains that once the original expiration date of his 2002 Sentence passed on March 10, 2009, he had a legitimate expectation that DOCS would not add the undischarged portion of his 2002 Sentence to his 2008 Sentence. Colon's argument is premised on two misconceptions concerning the New York Penal Law.

First, it was not DOCS' sentencing calculation that authorized Colon's imprisonment, but rather the judgment entered in Supreme Court, New York County.  As the United States Supreme Court has explained, a "prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence." Hill v. United States ex rel. Wampler, 298 U.S. 460, 465 (1936) (internal citations and quotation marks omitted).  See also United States v. Marquez, 506 F.2d 620, 622 (2d Cir. 1974) ("The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant."); United States v. A-Abras, Inc., 185 F.3d 26, 29 (2d Cir. 1999) (the sentencing and commitment order is only evidence of the oral sentence).  Thus, only the sentence imposed by Justice Wittner could have placed Colon in double jeopardy.  See

Earley, 451 F.3d at 75 ("Only the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty.").

Here, in both 2005 and 2008, Justice Wittner did not state explicitly that the undischarged portion of Colon's 2002 Sentence was to be served after his subsequent sentence. (See Resp't's Decl. Exs. C & D). Nevertheless, because Colon ultimately was sentenced as a second violent felony offender, PL § 70.25(2-a) required that his 2002 and 2008 sentences run consecutively. "[W]hen a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires." Gill, 12 N.Y.3d at 1. Thus, despite her silence on the issue, Justice Wittner effectively imposed consecutive sentences on Colon in 2008. Regardless of any subsequent miscalculations by DOCS, Justice Wittner consequently committed no sentencing error. See Earley, 451 F.3d at 75 ("an erroneous order of commitment . . . cannot alter the sentence imposed by the court"). Instead, as a matter of law, Colon has been serving consecutive sentences ever since the date of his sentencing in 2008. Therefore, Colon's sentence term has not changed since the time of sentencing, and he has not been subjected to any modification that would give rise to a double jeopardy claim.

Second, Colon mistakenly believes that the expiration date of the undischarged portion of his 2002 Sentence did not change following his parole in 2004. Upon his conviction in 2005 and resentencing in 2008, however, Colon faced two indeterminate sentences that ran consecutively by operation of law. See PL §§ 70.00 ("[A]

15

sentence of imprisonment for a felony . . . shall be an indeterminate sentence."), 70.25(2-a) ("When an indeterminate . . . sentence . . . is imposed [on a second violent felony offender] . . . and such person is subject to an undischarged indeterminate . . . sentence of imprisonment . . . , the court must impose a sentence to run consecutively with respect to such undischarged sentence.").

Because Colon was serving two indeterminate sentences that ran consecutively by operation of law, "the maximum terms [of each sentence]" had to be added together "to arrive at an aggregate maximum term equal to the sum of all the maximum terms." Id. § 70.30. Thus, when Judge Wittner imposed the 2008 Sentence, the result was to add the maximum term remaining on Colon's 2002 Sentence to the maximum term of his 2008 sentence, resulting in the aggregate term he is now serving. Stated somewhat differently, although the original expiration date of Colon's 2002 Sentence was March 10, 2009, his 2008 sentence rendered that date a nullity.

Accordingly, because Colon's 2008 Sentence essentially extinguished the original expiration date of his 2002 Sentence, his expectation in its finality is contrary to law. Neither the passing of the defunct maximum expiration date, nor Colon's misapprehension as to the law can serve as the basis for a legitimate expectation of finality. It follows that DOCS' failure to notify Colon of its mistake until after March 10, 2009 (a date that lacks any independent significance) did not place Colon in double jeopardy.

3.   Finality of the 2029 Expiration Date

This leaves Colon with the argument that he had developed an expectation of finality in DOCS' initial computation of the maximum expiration date of his combined term under the 2002 and 2008 Sentences.  On April 8, 2008, DOCS advised Colon that this initial expiration date was March 27, 2029.  Colon presumably contends that in the more than fifteen months before DOCS corrected its error, he had developed an expectation of finality in the 2029 expiration date.  Under this reasoning, DOCS' imposition of a new maximum expiration date of September 25, 2032, would frustrate Colon's expectations and thereby place him in double jeopardy.  This claim, too, is unavailing for several reasons.

First, Colon could not have formed a legitimate expectation of finality in DOCS' initial calculation because DOCS has no statutory authority to sentence him. Cf. Jones v. Thomas, 491 U.S. 376, 395 ("[T]he defendant could not argue that his legitimate expectation of finality in the original sentence had been violated, because he was charged with knowledge that the court lacked statutory authority to impose the subminimum sentence in the first instance.").

Second, assuming that Justice Wittner had intended that Colon's 2008 Sentence be served concurrently with his 2002 Sentence, the resulting illegality of that sentence would have prevented him from developing a reasonable expectation of finality. See Bozza v. United States, 330 U.S 160, 166-67 (1947) ("The Constitution does not

require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."); Travis, 143 F.3d at 99 ("resentencing did not violate the Double Jeopardy Clause because, as precedents of the Supreme Court and this Court make clear, [habeas petitioner] had no legitimate expectation of finality in his original sentence, which was not authorized by law . . . ."). Colon's reliance argument is further weakened by his own letter to DOCS, which shows that he knew that the DOCS calculation was an error by no later than January 26, 2009. (See Art. 78 Pet. Ex. F).

To be sure, certain circuit courts have recognized that "the power . . . to correct even a statutorily invalid sentence must be subject to some temporal limit." See, e.g., Breest v. Helgemoe, 579 F.2d 95, 101 (1st Cir. 1978). As the First Circuit explained in Breest, a "prisoner may be aided in . . . coping with the prison regime by the knowledge that . . . release . . . will be achieved on a date certain. After a substantial period of time, therefore, it might be fundamentally unfair . . . for a court to alter even an illegal sentence in a way which frustrates a prisoner's expectations by postponing [this date]." Id.; see also Rico, 902 F.2d at 1068 ("The expectation of finality comes from the prospect of release as defendant nears the end of his or her prison term."). The Supreme Court, however, has not adopted this line of reasoning. Thus, in the absence of a showing that Colon's revised maximum expiration date is "contrary to" or involves an "unreasonable application of" existing Supreme Court law, Colon cannot prevail on this theory. See 28 U.S.C. § 2254(d)(1).

18

Moreover, even if the reasoning of <u>Breest</u> had been adopted by the Supreme Court, Colon still would be unable to demonstrate that he had developed a reasonable expectation of finality.  Unlike defendants who have been subjected to upward revisions of their sentences after serving nearly the entirety of their terms or being released from custody, Colon had yet to serve even the unexpired portion of his 2002 Sentence.  There consequently is no reason to set aside DOCS' recalculation of his sentence on the ground that it was fundamentally unfair at the time in early 2009 that he noticed DOCS' alleged error.  <u>See</u> <u>DeWitt</u>, 6 F.3d at 35-36 (finding upward revision of sentence to be fundamentally unfair because the petitioner had left prison, reestablished family ties, and acquired a job); <u>Hudson</u>, 888 N.Y.S.2d at 365 ("[D]efendant's own letters to DOCS demonstrate that he was aware of the error all along.  Therefore, defendant may be resentenced by the court without running afoul of the Double Jeopardy Clause.") (internal citations and quotation marks omitted).

In sum, because Colon cannot establish that the correction of the maximum expiration date of his 2008 Sentence breached a legitimate expectation of finality, he is not entitled to habeas relief.

IV.   <u>Conclusion</u>

Colon's petition should be denied because he has failed to show that the sentence he is serving violated either the United States Constitution or federal law.  Additionally, because Colon has failed to make the requisite substantial showing of the

19

denial of a constitutional right, he should be denied a certificate of appealability.  See 28

U.S.C. § 2253(c)(2).

V.      Notice of Procedure for Filing of Objections to this Report and Recommendation

            The parties shall have fourteen days from the service of this Report and

Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule

72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (e).  Any

such objections shall be filed with the Clerk of the Court, with courtesy copies delivered

to the chambers of the Honorable Deborah A. Batts, United States District Judge, and to

the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New

York, New York 10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(e), 72(b).  Any requests for an extension of time for filing objections must

be directed to Judge Batts.  The failure to file these timely objections will result in a

waiver of those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140

(1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

            SO ORDERED.

Dated:      New York, New York
            November 8, 2012


                                    _____
                                    FRANK MAAS
                                    United States Magistrate Judge

20

Copies to:

Moises Colon
05-A-4890
Downstate Correctional Facility
121 Red Schoolhouse Road
P.O. Box F
Fishkill, New York 12524


Priscilla Steward
Assistant Attorney General
Office of the Attorney General
of the State of New York
120 Broadway
New York, New York 10271