USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MOISES COLON,

        Petitioner,            11 Civ. 3234 (DAB)(FM)
                                    MEMORANDUM AND ORDER
        v.

THOMAS LA VALLEY,

        Defendant.
------------------------------X

DEBORAH A. BATTS, United States District Judge.

On November 9, 2012, United States Magistrate Judge Frank Maas issued a Report and Recommendation ("Report"), which recommended that Moises Colon's ("Petitioner" or "Colon") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be denied. (Report at 2, 19-20.) For the reasons set forth below, after conducting the appropriate level of review, Magistrate Judge Maas's November 9, 2012 Report and Recommendation is adopted in its entirety. Accordingly, the Petition is DENIED.

I. BACKGROUND

The facts and procedural history are set forth in detail in Magistrate Judge Maas's Report, and are recounted only as necessary to address Colon's Objections. (See Report at 1-10.)

On May 4, 2011 Colon filed a timely pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the calculation of his maximum term in prison. (Pet. at 1-2, ECF No.

1; Report at 9.) Petitioner's challenge follows his February 2008 re-sentencing by the Supreme Court, New York County, which occurred pursuant to a partial vacatur and remand by the Appellate Division, First Department. (See generally Obj., Report at 5-6, 9-10.) The Court referred the petition to Magistrate Judge Maas on June 15, 2011. Colon filed an Amended Petition on June, 22, 2011, conceding that, pursuant to N.Y.P.L. § 70.25(2-a), his sentences were required to run consecutively. (Am. Pet. ¶ 20, ECF No. 8; Report at 9.) In his Amended Petition, Colon contends that DOCS should be precluded from recalculating his sentence because he had an expectation of finality in the expiration of his 2002 sentence, and that any recalculation would violate his constitutional right not to be placed in double jeopardy. (Am. Pet. ¶ 27; Report at 9.)

On November 9, 2012, Judge Maas issued a Report and Recommendation recommending that the petition be denied. (Report at 1-2, 19-20.) Petitioner filed a request for an extension of time to file Objections to the Report, (ECF No. 15), and this Court granted the request. (ECF No. 16.) Petitioner subsequently filed his Objections, which are presently before the Court. (ECF No. 17.)

II. DISCUSSION

2

A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court must afford substantial deference to a state court's decision when a federal constitutional claim has been adjudicated on the merits. See 28 U.S.C. 2254(d); see also Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). So long as a state court's decision is not manifestly unreasonable, its factual findings are presumed to be correct, a presumption that can only be successfully rebutted upon a showing of "clear and convincing evidence." 28 U.S.C. 2254(e)(1). The District Court will not accept an unreasonable application of clearly established federal law; such an application will result in a state court's legal conclusions being overturned. Lockyer v. Andrade, 538 U.S. 63, 75 (2003)("'[U]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'")(quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)); Wiggins v. Smith, 539 U.S. 510, 520-21 (2003)(explaining the application "must have been more than incorrect or erroneous" but rather "objectively unreasonable")(quoting Williams, 529 U.S. at 409 (2000)). Under the ADEPA, a federal law is clearly established if the United

3

States Supreme Court has resolved the issue on the merits and issued a holding at the time of a state court's decision. Carey v. Musladin, 549 U.S. 70, 74 (2006).

The District Court may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions and prisoner petitions. 28 U.S.C. § 636(b)(1)(B); accord Fed. R. Civ. P. 72(b)(1). "Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F.Supp.2d 333, 339 (S.D.N.Y. 2009).

The District Court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that a party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see Ortiz v. Barkley,

4

558 F.Supp.2d 444, 451 (S.D.N.Y. 2008)("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.")(citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)(citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)(internal quotations marks omitted)).

B. Objections to the Report and Recommendation

Petitioner objects to the Report, arguing that allowing a recalculation of his sentence in this case would permit DOCS to

recalculate the sentences at will, and run sentences consecutive to discharged terms. (Obj. at 1-2.)  This argument, which mischaracterizes Petitoner's 2002 sentence as discharged, was raised in the Amended Petition and fairly addressed by Judge Maas. (Am. Pet. ¶ 26; Report at 16, 18-19.)

Colon's second objection is to the Magistrate's theory as to the reason for DOCS's initial sentencing miscalculation. (Obj. at 2; Report at 6.)  Justice Wittner did not specify whether the 2008 sentence was to be served consecutively with the 2002 sentence; in the Report, Judge Maas suggested that this may be the reason for DOCS's initial miscalculation. (Report at 6.)  Colon argues that the reason for the miscalculation is irrelevant and, given DOCS' statutory authority to act, it should have calculated the correct maximum expiration of the prison well before he filed the Article 78 Petition. (Obj. at 2-3; Am. Pet. ¶¶ 20, 29-33; Report at 6-9.)  Due to the error, Colon argues, DOCS should now be precluded from correcting the sentence. (Obj. at 2-4; Am. Pet. ¶ 27, Report at 12-16.)

While Colon is correct that the reason for DOCS's initial miscalculation is irrelevant, and that DOCS did have the authority to calculate his sentence correctly absent express instruction, N.Y.P.L. § 70.25; <u>People ex. Rel. Gill v. Green</u>, 12 N.Y.3d 1,4 (2009), neither helps his case.  As Judge Maas points

out in his Report, DOCS has a "continuing, nondiscretionary, ministerial duty" to "correct known errors." (Report at 8-9)(citing Colon v. Fischer, 903 N.Y.S.2d 800, 802 (3d Dep't 2010)(internal citation omitted.) Once it became aware of the miscalculation, DOCS was required to correct it, regardless of the explanation for the initial mistake.[1]

Colon also objects to Judge Maas's finding regarding the letter that Colon sent to the Office of Sentencing Review ("OSR") concerning the expiration of his 2002 term. (Obj. at 3; Report at 7-8.) In the letter, Colon argued that DOCS's failure to recalculate his sentence until after the initial maximum expiration date of his 2002 sentence, rendered the recalculation a "chang[e]" or "interrupt[ion]" prohibited by N.Y. C.P.L. § 430.10. (Obj. at 3; Report at 7-8.) Petitioner appears to argue that § 430.10 combined with the OSR's initial silence led him to develop an expectation of finality in the March 27, 2029 maximum expiration date. Petitioner makes this argument in various ways throughout his Objection.[2]

---

[1] Colon argues "that to 'overlook' a ministerial duty is [not] an 'error' but a complete failure to exercise that duty" and that a "computational error" is no excuse. (Obj. at 4; Report at 8.) This argument is without merit. An "error" is an "act or an instance of deviating from an accepted code of behavior." The American Heritage Dictionary of the English Language, (5th Ed. 2013). DOCS deviated from its duty to calculate properly Colon's sentence, and the resulting miscalculation constituted an error.

[2] See, e.g., Obj. at 4 ("[S]ince the prior term had actually expired[,] petitioner had an 'expectation of finality' on that term."); Obj. at 4-5 ("[P]etitioner did have an 'expectation of finality' on his time owed portion of his prior term due to [DOCS'] failure in adding said time owed."); Obj. at 6 ("[T]he expiration of the prior sentence gives petitioner an expectation of

7

The arguments were raised in Colon's Amended Petition and fairly presented to, and heard by, Judge Maas, who authored a thorough and detailed explanation as to why, as a matter of law, Colon could not have developed an expectation of finality in the initially calculated March 27, 2029 maximum expiration date. (Am. Pet. ¶¶ 1, 21, 24-27, 32, 35; Report at 12-14; 16-19.)

Finally, despite conceding that his sentences are statutorily required to run consecutively,[3] Petitioner objects to the Report's finding that he has, "as a matter of law . . . been serving consecutive sentences ever since the date of his sentencing in 2008." (Obj. at 9; Report at 15.)  Instead, Colon insists that during the 17 months between DOCS's initial calculation of his sentence and the recalculation, his sentences were running both concurrently and consecutively. (Report at 15; Obj. at 8, 9.)  This argument was previously raised in the Amended Petition and was fairly addressed by Judge Maas. (Am. Pet. ¶¶ 19, 21, 23-28; Report at 12-19.)  As such, it does not trigger de novo review. See Indymac Bank, 2008 WL 4810043, at *1.

---

finality even when the sentence was otherwise running illegally at the time."); Obj. at 7 (arguing that the state court's interpretation of federal law was objectively unreasonable with respect to Colon's expectation of finality in his sentence, that DOCS's alteration of the maximum expiration of his sentence disrupted his legitimate expectation of finality, and that because the 2002 sentence expired prior to Colon's Article 78 Petition, he had an expectation of finality at the time of filing that petition).
[3] N.Y.P.L. § 70.25.

III. CONCLUSION

Having reviewed the Report and conducted the appropriate level of review, the Court APPROVES, ADOPTS, and RATIFIES the Report in its entirety. The Petition is DISMISSED with prejudice and on the merits.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir.1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, (1962).

SO ORDERED.

Dated: February 25, 2014
       New York, New York

                                           *Deborah A. Batts*
                                           Deborah A. Batts
                                    United States District Judge